Voto particular disidente emitido por la
Jueza Asociada Señora Fiol Matta, al cual se unen el Juez Presidente Señor Hernández Denton y la Juez Asociada Señora Rodríguez Rodríguez.
La Resolución a la cual acompaña este voto disidente representa un último golpe al mejor bienestar de la menor JMAV y al deseo de una de sus madres, la peticionaria AAR, de proveerle los derechos y las protecciones legales que garantizan su seguridad y que gozan otros niños y niñas.
Todos los Jueces y las Juezas de este Tribunal coinciden en que el criterio rector en casos de adopción como el presente es el mejor bienestar del menor. Toda la prueba contenida en el expediente del caso apunta a que el mejor bienestar de la menor JMAV se logra otorgando la adopción solicitada por AAR sin que la madre biológica CW pierda los vínculos jurídicos con su hija. Esto fue comprobado por las diversas profesionales de la salud que presentaron informes bien fundamentados favorables a la petición. Esto no ha sido refutado por el Estado en etapa alguna del caso, pues su resistencia a la adopción se basa en su interpretación de una disposición legal y no en el bien que le hará esa determinación jurídica a la niña.(1) DPIDiversas opciones, todas legítimas y razonables, estaban disponibles para que los miembros de esta curia defendieran el mejor bienestar de la menor, acogiendo la figura *466 del second parent adoption, reconocida en un sinnúmero de jurisdicciones. Estas iban desde una interpretación del Artículo 138 del Código Civil(2) que estuviera guiada por el criterio rector del bienestar del menor hasta declarar la inconstitucionalidad de ese artículo por contener una clasificación discriminatoria.
Sin embargo, una mayoría de los componentes de este Tribunal desvió su camino en dirección contraria. En ese trayecto, algunos jueces recogieron fundamentos ajenos a la prueba admitida para guiar su decisión. De esa forma, como indica la peticionaria en la moción de reconsideración que hoy atendemos, incluyeron entre los elementos para su determinación estudios científicos exógenos al caso que supuestamente señalaban que la adopción solicitada no era beneficiosa para la menor.(3) Al así hacerlo, menoscabaron los derechos de la peticionaria, pues no le brindaron oportunidad para objetar o refutar esos factores de juicio que desconocía que serían utilizados en su contra. No sólo eso sino que, al aplicar esos estudios al presente caso, algunos jueces, muy lamentablemente, llegaron a degradar la relación que tienen AAR y CW argumentando que no es natural y pusieron en duda la dignidad humana que posee la niña JMAV por el simple hecho de que tiene dos madres. Otros jueces ignoraron las vías que tenían disponibles para acceder a la petición de AAR y, escudándose en interpretaciones restrictivas del significado de la palabra "sexo” en nuestra Constitución, dejaron el asunto a otra rama de gobierno.
Habiéndose agotado las oportunidades para que AAR encuentre justicia en este Tribunal —último foro judicial al cual pueden recurrir en Puerto Rico—, corresponde a la Rama Legislativa del País proveer la herramienta para que a AAR y a otras personas con sus mismas circunstan *467 cias se les libre del trato discriminatorio que las oprime.(4) Tras la denegatoria de la Segunda Moción de Reconsideración presentada por AAR, queda en manos de la Legislatura permitir que se reconozca legalmente que las dos mujeres que vieron nacer, han ayudado a crecer y han logrado que hoy JMAV pueda decir “me siento feliz, me siento amada”(5) son, ambas, sus madres. Mientras tanto, no nos cabe duda, las tres son ejemplo de una familia digna.

 El Estado, incluso, cambió esta postura y actualmente plantea que el Artículo 138 es inconstitucional, según nos informó mediante la Moción Informativa en Respuesta a Moción de Reconsideración y Solicitud de Autorización y Término para Presentar Postura del Estado en Relación a la Moción de Reconsideración de la Parte Peticionaria, presentada por la Oficina de la Procuradora General el 18 de marzo de 2013.

 31 LPRA see. 539.

 Segunda moción de reconsideración de la peticionaria, págs. 3-7.

 Esta era la única posibilidad concebida en la Opinión del Tribunal emitida por la Jueza Asociada Pabón Charneco y en la opinión de conformidad del Juez Asociado Martínez Torres.

 Segunda moción de reconsideración de la peticionaria, pág. 1.